# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHAEL D. VAN DEELEN,      )
                                     )
               **Plaintiff,**      )
                                     )         **CIVIL ACTION**
v.                              )
                                   )         **No. 05-2028**
CITY OF KANSAS CITY, MISSOURI,  )
et al.                              )
                                 )
             **Defendants.**    )
_____)

## MEMORANDUM AND ORDER

Michael D. Van Deelen, pro se, brought suit against the City of Kansas City, Missouri ("KCMO") and several of its employees, alleging claims under 42 U.S.C. § 1983 and state law claims of negligence and fraud. First Amended Petition (Doc. #8) filed February 9, 2005 at 8–9. On November 14, 2005, the Court sustained in part Defendants' Motion To Dismiss (Doc. #11). The Court dismissed all claims except plaintiff's Section 1983 claims against Lana Torczon for deprivation of due process and retaliation. See Doc. #17. This matter comes before the Court on Defendant Lana Torczon's Motion To Dismiss (Doc. #20) filed December 19, 2005. For reasons set forth below, the Court finds that the motion should be overruled.

### Factual Background

Plaintiff's first amended complaint may be summarized as follows:

In December of 2002, plaintiff, a Kansas resident and former employee of KCMO, filed suit in Kansas state court against KCMO and other individuals. Lana Torczon and Galen Beaufort, city attorneys for KCMO, represented KCMO and others in the matter. After Donald Jarrett and Brian

Loopey testified before the KCMO Human Resources Board in 2003 that they worked for KCMO, plaintiff filed a motion to amend to add them as defendants. On September 30, 2004, Torczon appeared at a hearing on behalf of KCMO and others to oppose plaintiff's motion and the state court took the matter under advisement.

On the same day, plaintiff filed a second state court action against KCMO, Jarrett and Loopey. Plaintiff informed Torczon that "because of statute of limitation concerns and for other reasons," he was filing a "fresh" suit against them. First Amended Petition (Doc. #8) at 3. Torczon indicated that she would not allow plaintiff to serve Jarrett and Loopey. The Sheriff's Department of Douglas County, Kansas delivered service intended for Jarrett and Loopey to Roy Greenway, who allegedly supervised them at KCMO. Greenway informed Torczon that he had received service and gave the documents to Torczon and Beaufort, who returned them to the Douglas County Sheriff. In a cover letter dated October 20, 2004, Torczon stated that Jarrett and Loopey were not and never had been KCMO employees, and that no one at KCMO was authorized to receive service on their behalf. Plaintiff did not receive a copy of the letter and Torczon informed plaintiff that she was not obligated to include him in the correspondence.

In early January of 2005, Charlotte Reed (another city attorney for KCMO) sent a letter to plaintiff's residence in Kansas which requested that plaintiff attend a meeting with Torczon and Reed on February 8, 2005 on a matter unrelated to this action.

On January 19, 2005, plaintiff filed his original Petition (Doc. #1) in this action. Plaintiff sued KCMO, Torczon, Beaufort and Wayne Cauthen, who supervises Torczon and Beaufort. On January 27, 2005, Douglas McMillan entered his appearance as counsel for defendants.

In early February of 2005, plaintiff spoke with Reed over the telephone on a matter unrelated to

2

this action.  Reed acknowledged that plaintiff had filed this action against KCMO and its employees.

On February 8, 2005, plaintiff met with Reed and Torczon at KCMO City Hall on a matter unrelated to

this action.  Reed was openly hostile toward plaintiff.  At the end of the meeting, Reed and Torczon

ordered McMillan and Alan Manker, manager of KCMO security, to detain plaintiff.  Reed, Torczon and

McMillan told him that he could not be at City Hall unless security was present.  McMillan and Manker

transported plaintiff to the City Hall security office and continuously intimidated him both verbally and

physically.  Manker told plaintiff that the detention resulted from his lawsuits against KCMO and its

employees.  Later, as he escorted plaintiff from the building, Manker said that because of plaintiff's suits

against KCMO, plaintiff could not enter a KCMO public building unless accompanied by a security

guard.

On February 9, 2005, plaintiff filed his First Amended Petition (Doc. #8) in this case.  In addition

to the original defendants, plaintiff joined Reed, McMillan and Manker.  Plaintiff claimed that by

interfering with service of process in a state court action and treating him harshly at City Hall, KCMO,

Torczon, Beaufort, Reed, McMillan and Manker denied his constitutional rights of free speech, free

assembly, free association, due process, equal protection and equal access to the courts, and retaliated

against him for exercising those rights.  Plaintiff further asserted state law claims that defendants had

committed fraud and negligence by "prevent[ing] plaintiff from serving his lawsuit on Mr. Jarrett and

Mr. Loopey."

On March 16, 2005, defendants filed a motion to dismiss all claims, asserting that (1) the Court

lacked subject matter jurisdiction; (2) the Court lacked personal jurisdiction as to actions which occurred

exclusively in Missouri; and (3) plaintiff's complaint failed to state a claim upon which relief can be

granted.  See Doc. #11.  The Court sustained defendants' motion except as to plaintiff's Section 1983

3

claims against Torczon for (1) deprivation of procedural due process arising out of conduct at KCMO City Hall and (2) retaliation.  Torczon now asks the Court to dismiss the remaining claims against her, asserting that the Court lacks personal jurisdiction over her and, alternatively, that plaintiff has not set forth sufficient facts to state a claim under Section 1983.

### Rule 12(b)(2) Motion to Dismiss Standard

The standard which governs a motion to dismiss based on lack of personal jurisdiction under Rule 12(b)(2), Fed. R. Civ. P., is well established.  Plaintiff bears the burden of establishing personal jurisdiction over defendant.  Before trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, plaintiff need only make a prima facie showing.  The allegations in the complaint must be taken as true to the extent they are uncontroverted by defendants' affidavits.  If the parties present conflicting affidavits, all factual disputes are resolved in plaintiff's favor, and plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.  Behagen v. Amateur Basketball Ass'n, 744 F.2d 731, 733 (10th Cir. 1984), cert. denied, 471 U.S. 1010 (1985); see also Williams v. Bowman Livestock Equip. Co., 927 F.2d 1128, 1130–31 (10th Cir. 1991); Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1417 (10th Cir. 1988).

### Rule 12(b)(6) Motion to Dismiss Standard

A Rule 12(b)(6), Fed. R. Civ. P., motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).  The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff.  See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987).  In reviewing the sufficiency of plaintiff's complaint, the

4

issue is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Although plaintiff need not precisely state each element of his claims, he must plead minimal factual allegations on those material elements that must be proved.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court affords a pro se plaintiff some leniency and must liberally construe the complaint. Oltremari v. Kansas Soc. & Rehab. Servs., 871 F. Supp. 1331, 1333 (D. Kan. 1994).  While pro se complaints are held to less stringent standards than pleadings drafted by lawyers, pro se litigants must follow the same procedural rules as other litigants.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).  The Court may not assume the role of advocate for a pro se litigant.  Hall, 935 F.2d at 1110.

## Analysis

### I.    Personal Jurisdiction

Torczon argues that the Court lacks personal jurisdiction over plaintiff's claims that she violated his procedural due process rights and retaliated against him.  Specifically, Torczon asserts that plaintiff complains of acts which took place at City Hall in Kansas City, Missouri, and thus there is no basis for jurisdiction over her in Kansas.

Because Section 1983 does not authorize nationwide service of process, McNeal v. Zobrist, 365 F. Supp.2d 1166, 1168–69 (D. Kan. 2005), personal jurisdiction must be established under the Kansas long-arm statute. Rainy Day Books, Inc. v. Rainy Day Books & Café, L.L.C., 186 F. Supp.2d 1158, 1161 (D. Kan. 2002) (citations omitted).  The Kansas long-arm statute provides in relevant part that a person submits to jurisdiction in Kansas as to any cause of action arising out of (1) "transaction of any business within this state" or (2) "commission of a tortious act within this state."  K.S.A. § 60-308(b).

In Kansas, courts analyze motions to dismiss for lack of personal jurisdiction with a two-step inquiry. First, the Court must determine if defendants' conduct falls within one of the provisions of the Kansas long-arm statute. McNeal, 365 F. Supp. 2d at 1169; see also K.S.A. § 60-308(b). Second, the Court examines whether defendants had sufficient minimum contacts with the State of Kansas to satisfy the constitutional guarantee of due process. See Equifax Servs., Inc. v. Hitz, 905 F.2d 1355, 1357 (10th Cir. 1990). "[T]hese inquiries are for all intents and purposes the same because the Kansas long-arm statute . . . has been liberally construed by the Kansas courts to assert personal jurisdiction to the full extent permitted by the due process clause." Flannagan v. Bader, 905 F. Supp. 933, 936 (D. Kan. 1995) (citing Thompson v. Chambers, 804 F. Supp. 188, 195 (D. Kan. 1992)). Thus, the Court proceeds directly to the constitutional issue. Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Corp., 17 F.3d 1302, 1304 (10th Cir. 1994).

Due process requires "minimum contacts" between the nonresident defendant and the forum state. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).[1] These contacts must be such that defendant has purposefully availed himself of the privilege of conducting activities within the state. Hanson v. Denckla, 357 U.S. 235, 251 (1958). Defendant must be able to reasonably anticipate being haled into court in the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Jurisdiction in the particular case must also be reasonable so as not to offend traditional notions of fair

---

[1]      Because subject matter jurisdiction in this case is predicated on a federal question, rather than diversity of the parties, the Court focuses its due process analysis on the Fifth Amendment instead of the Fourteenth. McNeal, 365 F. Supp.2d at 1169 n.2 (citing Peay v. Bellsouth Med. Assistance Plan, 205 F.3d 1206, 1210 (10th Cir. 2000)). The inquiry is the same, however, regardless of which amendment underlies the due process "minimum contacts" analysis and cases on each are interchangeable. Rainy Day Books, 186 F. Supp.2d at 1161; Packerware Corp. v. B & R Plastics, Inc., 15 F. Supp.2d 1074, 1077 (D. Kan. 1998).

play and substantial justice. <u>Heating & Cooling Master Marketers Network, Inc. v. Contractor Success Group, Inc.</u>, 935 F. Supp. 1167, 1171 (D. Kan. 1996); <u>Pehr v. Sunbeam Plastics Corp.</u>, 874 F. Supp. 317, 320 (D. Kan. 1995).

This Court addressed the issue of personal jurisdiction over Torczon in its earlier ruling, stating as follows:

> Plaintiff's amended complaint alleges that Torczon and Beaufort represented KCMO and its employees in a state action which plaintiff filed in Douglas County, Kansas. During that representation, Torczon allegedly telephoned plaintiff and sent letters to plaintiff, who resides in Kansas. Torczon and Beaufort also appeared in the District Court of Douglas County, Kansas, and filed pleadings with that court. Torczon and Beaufort intervened when the Douglas County Sheriff attempted to serve Jarrett and Loopey. To the extent plaintiff's claims arise out of the alleged interference with service of process in Kansas, his allegations are sufficient to make a prima facie showing that personal jurisdiction is proper over KCMO, Torczon and Beaufort. *Furthermore, KCMO and Torczon have submitted themselves to jurisdiction in Kansas as to plaintiff's Section 1983 claims regarding events at KCMO City Hall, which allegedly arose out of plaintiff's Kansas suits.*[2]

Doc. #17 at 10 (emphasis added). The Court concluded that "[p]laintiff has set forth a prima facie showing that personal jurisdiction is proper over KCMO, Torczon and Beaufort." <u>Id.</u> at 11.

In her motion to dismiss, Torczon simply states as follows:

> [t]he acts [p]laintiff complains of against Torczon for procedural due process and retaliation took place at City Hall in Kansas City, Missouri. There is no basis for jurisdiction over Ms. Torczon in United States District Court in Kansas. Plaintiff's pleading fails to set forth any grounds for which this Honorable Court would have jurisdiction over events that allegedly occurred in Missouri. As such, [p]laintiff's pleading fails to comply with Fed. R. Civ. P. 8(a)(1) mandate that the pleading contain a "'short and plain statement of the ground upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it."

---

[2] Plaintiff's complaint does not allege that Beaufort participated in any way with the detention at KCMO City Hall.

Torczon's argument ignores the Court's prior ruling that she has submitted to jurisdiction as to plaintiff's Section 1983 claims regarding events at KCMO City Hall, which allegedly arose out of plaintiff's Kansas suits.  This Court has personal jurisdiction over defendant Torczon.

## II.      Motion To Dismiss For Failure To State A Claim, Rule 12(b)(6)

Torczon next argues that plaintiff has not alleged facts which support his claims that she prevented him from exercising procedural due process rights or that she retaliated against him.  Torczon asserts that even if plaintiff has set forth such facts, judicial immunity bars those claims.

In ruling on the previous motion to dismiss, the Court stated that it could not find as a matter of law that Torczon's alleged conduct in "ordering the physical restraint or detention of an adverse civil litigant is within the normal role of a city defense attorney."  Doc. #17 at 16.  Thus, the Court rejected Torczon's claim that she is entitled to absolute immunity in her individual capacity for claims based on conduct at KMCO City Hall.  Torczon's motion to dismiss raises no new legal issues, and it therefore must be overruled.

**IT IS THEREFORE ORDERED** that <u>Defendant Lana Torczon's Motion To Dismiss</u> (Doc. #20) filed December 19, 2005 be and hereby is **OVERRULED**.

Plaintiff's claims against Torczon for deprivation of procedural due process and retaliation remain for trial.

Dated this 9th day of May, 2006 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge

8